No. 74.—Succession of W. H. GALE, on Opposition to Provisional Account of Administratrix.

Where the creditors of a succession are litigating their rights contradictorily with each other and the value of the succession exceeds five hundred dollars, an appeal will lie to the Supreme Court, although the claim of each creditor may not amount to that sum.

The holder of a claim against a succession approved by the administratrix is not likened to the holder of a note payable to bearer, and he is not dispensed from proof of ownership when denied by other creditors.

The privilege of the vendor who has delivered personal property is inferior to that of a lessor.

No privilege exists on movables for the payment of State and parish taxes.

Where the fund produced by the sale of the movables of a succession has been exhausted by the special privileges, the immovables or such portion as may be necessary must be sold to pay the general privileges, to which time the settlement of the rank of the general privilege creditors must be postponed.

APPEAL from the Parish Court of Ouachita. *Ray*, Parish Judge. *John Ray*, for Mrs. Gayle, administratrix, appellee. *R. W. Richardson*, for Schlessinger and Kennedy, opponents. *Garrett & Garrett*, for W. T. Watkins, opponent. *Richardson & McHenry*, for Daniel T. Head, opponent, appellants.

Howe, J. The funds which are sought to be distributed by this account result from the sale of crops raised upon plantations hired by the deceased, and working animals, implements and other property attached to such plantations.

The inventory of the property of the succession shows that there belongs to it immovable property of the estimated value of $5000. The record shows that the movables sold as above stated have not produced enough to pay the claims which are specially privileged thereon.

In filing this account, however, the administratrix proposes to pay the *general* privileges by preference from these proceeds of the movables. It is evident that such a course would be an injury to the creditors who have special privileges thereon, reducing their *pro rata* privileged shares, and increasing that portion of their claims which would thus become merely ordinary claims on the rest of the succession funds. At the same time it would be improper to pay over at this time all these proceeds to the creditors specially privileged thereon, and thus leave the general privileges to the chances of a sale in the future of the immovables, which might not produce enough to pay them in full. Article 3223 of Code provides that if the movables of the debtor by reason of the special privileges affecting them, or for any other cause, are not sufficient to discharge the debts having a privilege upon the whole movable property, the balance must be raised on the immovables. To such a case as the one before us we are of opinion that the principle of this article may be properly applied in such a manner as to fully secure the rights both of those who have special, and those who have general, privileges. For this purpose since the fund produced by the movables is exhausted by the special privileges, the immovables or such portion

as may be necessary should be sold, and then, and not till then, can the legal rights of the parties be justly determined. For this purpose the cause must be remanded.

Before the case takes this course we may dispose of some questions raised by the record which ought to be determined.

The administratrix has moved to dismiss the appeals of the opponents, Head and Atkins, on the ground that the matter in dispute in each respectively does not exceed the sum of $500. The motion must be denied, it being well settled that where the creditors of a succession are litigating their rights contradictorily with each other and the value of the succession exceeds five hundred dollars, an appeal will lie to the Supreme Court, though the claim of each creditor may not amount to that sum. 3 Rob. p. 6.

The claim of Head, however, was properly dismissed by the court below, for he did not prove his ownership of the debt. He claimed a privilege for supplies furnished by the steamers Vicksburg and Grey Eagle, but did not show any interest in himself in either the boats or the supplies. The point urged by his counsel that the claim was approved by the administratrix, and is therefore payable to *bearer*, is not sound. The "bearer" of such a claim as mentioned in Code of Practice, article 984, cannot be likened to the holder of a note payable to "bearer."

The claim of Atkins was, we think, correctly disposed of by the court below. As a vendor who had delivered the property sold, he must be postponed to the lessor, and we cannot perceive that the fact that one of the mules sold was removed from one plantation to another has changed the merits of the claims for privilege. The animal was at all times on a plantation hired by the decedent, and subject to a lessor's privilege.

The court also properly rejected from the list of general privileges the items for State and parish taxes. Such a privilege is not established by law.

We are of opinion that the court properly allowed the claims of S. H. Kennedy & Co. and F. S. & F. G. Schlessinger as a privilege for the full amount. The supplies they furnished appear to have been necessary under the new system of labor. They are not like the bills for "cigars, anisette, and ice in large quantities," which were repudiated by the decision in 6 Ann. p. 668. Nor can we perceive that the fact that some of the supplies were paid out to the laborers on account of their wages can impair the privilege on the crop. The supplies are still furnished to the working of the place, they contribute directly to the making of the crop, and the lessors can hardly complain if, by the fact that the laborers have received them on account of their wages, the superior claims of the latter have been discharged.

But the supplies furnished by the Schlessingers seem to have a privilege on the crop of the Lamy place as well as the McGuire plantation.

In remanding the case an opportunity should be given to fix the amounts bearing on each place respectively. The supplies were furnished to Gale, and if part of them were used on the Lamy place, equity requires that the amount thus used should be privileged on the crop there produced, and the crop of the McGuire place relieved to this extent.

The court did not err in ordering that the lessors be first paid so far as possible from the proceeds of the movables other than the crops. They have a privilege on these movables, and the furnishers of supplies have none. The privileges on the crops are concurrent. The method then adopted by the judgment is correct, for while it does not injure the right of the lessors it materially benefits the furnishers of supplies whom the law designs so far as possible to protect.

For the reasons given it is ordered and adjudged that the judgment appealed from be affirmed in the following particulars:

So far as it dismisses the oppositions of A. L. Swan and D. F. Head, but without prejudice to the right of the said D. F. Head to establish his claim by further proceedings in the case. So far as it disallows the claim of Atkins to a vendor's privilege. So far as it allows the claims of S. H. Kennedy & Co. as furnishers of supplies for $7261 31, with interest at eight per cent. per annum on $6000 from December 1, 1867, as a privilege on the crops of the Stevens place. So far as it allows the claims of F. S. & F. G. Schlessinger for $5416 21, with eight per cent. per annum interest from November 25, 1867, as a privileged claim for supplies furnished. So far as it rejects from the list of general privileges the claims for taxes; and so far as it requires the lessors to exhaust the proceeds of the movables, on which they have a privilege before taking their *pro rata* share of the crops.

It is further ordered that in other respects the said judgment be avoided and reversed, and the cause remanded to be proceeded with according to law in conformity with the views hereinbefore expressed. The costs of the appeal will be paid by the appellants, Stevens, Atkins and Head.

Rehearing refused.

---

## ON OPPOSITION.

In this case the court of its own motion will amend the decree heretofore rendered in respect to the claim of the opponent Atkins, and the costs of the appeal.

It is therefore ordered:

*First*—That the right of the opponent Atkins, to establish in this cause as remanded any privilege he may have as vendor be reversed; and,

*Second*—That the costs of the appeal be borne by the succession.